UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GLYN TERRANCE DALE, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:16-CV-127-TAV-HBG |
| | ) |
| MIKE W. PARRIS, Warden, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

Petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his confinement under a 2007 Knox County Criminal Court judgment convicting him of two counts of child rape and imposing a total sentence of twenty years' incarceration [Doc. 1 p. 1]. Respondent filed a motion to dismiss the petition, arguing that it is time-barred under 28 U.S.C. § 2244(d) [Doc. 11]. In support of his motion, Respondent submitted copies of the state court record and a brief [Docs. 10, 12].[1] Petitioner did not respond to Respondent's motion, and the time for doing so has lapsed. *See* E.D. Tenn. L.R. 7.1(a). For the reasons below, the Court will **GRANT** Respondent's motion and will **DISMISS** the petition.

**I.    Background**

On September 14, 2007, Petitioner was convicted by a jury in the Knox County Criminal Court of two counts of child rape [Doc. 10, Attach. 1 pp. 41–42].[2] He received sentences of

---

[1] Respondent filed a Notice of Filing Documents and provided the Court with twenty-four attachments [Doc. 10].

twenty years for each offense, with the second sentence to run concurrently with the first [*Id.*]. On appeal, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the convictions, but reversed the sentences and remanded the case for a new sentencing hearing. *State v. Dale*, No. E2008-01139-CCA-R3CD, 2010 WL 1241601, at *9 (Tenn. Crim. App. Mar. 31, 2010), *perm app. denied* (Tenn. 2010).

On remand, the trial court resentenced Petitioner to twenty-five years for each offense, and it, again, set concurrent sentences. *State v. Dale*, No. E2010-01824-CCA-R3CD, 2012 WL 335460, at *4 (Tenn. Crim. App. Feb. 1, 2012), *perm app. denied* (Tenn. 2012). This time, the TCCA affirmed the sentences. *Id.* The Tennessee Supreme Court ("TSC") denied Petitioner permission to appeal on May 16, 2012. *Id.*

Petitioner then sought collateral relief by filing a pro se post-conviction petition in the trial court on May 6, 2013 [Doc. 11, Attach. 18 pp. 702–95]. The trial court appointed counsel, and counsel filed an amended petition on Petitioner's behalf [*Id.* at 797–802]. The trial court denied relief and the TCCA affirmed the lower state court's decision. *Dale v. State*, No. E2014-00552-CCA-R3PC, 2014 WL 7402155, at *3 (Tenn. Crim. App. Dec. 29, 2014). The TSC declined further review on March 16, 2015 [Doc. 11, Attach. 24 p. 934].

Thereafter, Petitioner filed the instant § 2254 petition.

**II.    Analysis**

Under the mailbox rule in *Houston v. Lack*, 487 U.S. 266, 270–72 (1988) (deeming an action to be filed on the date an inmate delivers it to the prison authorities for mailing), Petitioner

---

[2] The state court record uses Bates stamp numbering as the method of pagination. When this Memorandum cites to pages in the state court record, it is referring to the Bates stamp number.

filed this instant § 2254 habeas corpus petition on March 2, 2016 [Doc. 1 p. 8]. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, amended the federal habeas corpus statutes and added a one-year statute of limitation to regulate the time for filing a petition for a writ of habeas corpus. In the typical case, the statute of limitations begins to run from the date a petitioner's state judgment of conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A).

Here, the TSC declined further review of Petitioner's child rape convictions and sentences on May 16, 2012. Petitioner's conviction became final ninety days afterwards, or on August 14, 2012, upon the lapse of the period of time during which he could have sought a writ of certiorari in the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 330–37 (2007) (holding that direct review under § 2244(d)(1)(A) includes review of a state conviction by the Supreme Court); *see also* Sup. Ct. R. 13.1 (providing a ninety-day time frame for petitioning for a writ of certiorari, running from the date of the decision of the state court of last resort). Thus, the AEDPA limitation statute began to run in Petitioner's case on August 14, 2012, and it was set to expire on August 14, 2013.

However, the statute also provides a tolling mechanism. The statute is tolled under § 2244(d)(2) during the time "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

As noted, Petitioner filed his state post-conviction petition on May 6, 2013, which was 265 days after the AEDPA's one-year clock started ticking. The collateral review petition immediately stopped the running of AEDPA's clock, and the clock remained stopped until the petition was no longer pending. The post-conviction proceedings concluded on March 16, 2015, when the TSC refused Petitioner permission to appeal. On that date, the ADPA clock resumed

ticking and it ticked for 100 more days, stopping on June 24, 2015. Petitioner filed this instant habeas corpus petition on March 2, 2016, 252 days too late.

The AEDPA statute of limitation is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling of AEDPA's limitation statute is warranted where a petitioner shows: (1) that he diligently has pursued his rights, and (2) that he was prevented from timely filing the petition because an extraordinary circumstance stood in his way. *Id.* at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A court must decide whether to toll the statute on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Federal courts should apply equitable tolling sparingly. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook*, 295 F.3d at 521.

Nothing alleged by Petitioner and nothing apparent in the record suggests a basis for equitable tolling of the limitation period. Since Petitioner shoulders the burden of showing that equitable tolling is warranted and because he has failed to carry his burden, the Court finds that equitable tolling is not appropriate and that it cannot be invoked to save this untimely petition.

**III.    Certificate of Appealability**

Finally, the Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Where a court dismisses a § 2254 petition on procedural grounds, a COA will issue upon a showing that reasonable jurists would debate whether a valid claim has

4

been stated and whether the court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists would not disagree about whether the Court correctly ruled that the petition is untimely and that neither statutory nor equitable tolling applies to save this tardy petition. Therefore, the Court will deny a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

In addition to the above, the Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and will certify that any appeal from this action would not be taken in good faith. Therefore, the Court will deny Petitioner leave to proceed *in forma pauperis* on appeal. Fed. R. App. P. 24.

## IV. CONCLUSION

Based on the above discussion, the Court has determined that this habeas corpus petition is time-barred under § 2244(d)(2). Therefore, the Court will **GRANT** Respondent's motion to dismiss the petition [Doc. 11] and will **DISMISS** this case.

In addition, the Court will **DENY** a certificate of appealability and will **CERTIFY** that any appeal from this action would not be taken in good faith. Therefore, the Court will DENY Petitioner leave to proceed *in forma pauperis* on appeal.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE